FILED

2005 Sep-30  PM 04:54
U.S. DISTRICT COURT
N.D. OF ALABAMA



## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | |
|---|---|
| **TORRE LANG LARY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| **vs.** ) | |
| ) | Civil Action Number |
| **FIRST FAMILY FINANCIAL** ) | **7:04-cv-3448-UWC** |
| **SERVICES, INC.,** ) | |
| **CITIFINANCIAL** ) | |
| **CORPORATION, and S & P** ) | |
| **CAPITAL INVESTMENTS,** ) | |
| **INC.,** ) | |
| ) | |
| Defendants. | |

## MEMORANDUM OPINION

Presently before the Court are the Defendants' First Family Financial

Services, Inc. ("First Family), CitiFinancial Corporation, and S&P Capital

Investment Inc. ("S&P") Motions to Compel Arbitration and Stay Proceedings.

(Docs. 13, 24.)

The Federal Arbitration Act ("FAA"), 9 U.S.C.A. § 5, governs contracts

involving interstate commerce and provides that arbitration clauses in such

contracts are "valid, irrevocable, and enforceable." *South Alabama Pigs, LLC v.*

*Farm Feeders, Inc.*, 305 F. Supp. 2d 1252 (M.D. Ala. 2004) (citing 9 U.S.C.A. §
5).

 The transaction in dispute here involves a loan between Torre Lang Larry
(Plaintiff), an Alabama resident, First Family, a subsidiary of CitiFinancial (both
of which are Maryland businesses), and the assignee,  S&P Capital Investments
Inc., a Texas corporation.  Therefore, this transaction involved interstate
commerce.

 The determination of the propriety of a motion to compel arbitration is a
two-step inquiry.  *Klay v. PacifiCare Health Systems, Inc.*, 389 F.3d 1191, 1200
(11th Cir.  2004).  First, the court must determine whether the parties agreed to
arbitrate the dispute.  *Id.*  Federal policy clearly favors the enforcement of
arbitration agreements.  *Id.* (citing *Moses H. Cone Mem'l Hosp. v. Mercury
Constr. Corp.*, 460 U.S. 1 (1983)).  An agreement to arbitrate, however,
constitutes a contract, and "the FAA's strong pro-arbitration policy only applies to
disputes that the parties have agreed to arbitrate."  *Klay*, 389 F.3d at 1200.

 If the court concludes that the parties have agreed to arbitrate, the second
step in the inquiry requires the court to determine whether "'legal constraints
external to the parties' agreement foreclosed arbitration.'"  *Id.* (citing *Mitsubishi*

*Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985)).

The transaction that is the basis of this law suit occurred June 25, 1998, when Plaintiff obtained a loan from First Family, a Citifinancial Corporation affiliate.  Along with the loan, Plaintiff signed an arbitration agreement which states the following:

> DISPUTES COVERED: This agreement applies to all claims and disputes between you and us.
> * * * *
> This agreement also applies to any claim or dispute, including all the kinds of disputes listed above, between you and any of our employees or agents, any of our affiliate corporations, and any of their employees or agents.  Affiliate corporations are our parent corporations, subsidiary corporations, and sister corporations.
> * * * *
> OTHER IMPORTANT AGREEMENTS:
> 4.  You and we agree that this agreement applies to all of your, and all of our, assigns and heirs.

 (Mot. of  Defs., Doc. 13 at Ex. A.)

As the agreement unambiguously indicates, Plaintiff Lang expressly agreed to arbitrate all disputes with Defendants First Family and Citifinancial.  The Court therefore finds that there is an enforceable arbitration agreement between Plaintiff Lang, Defendants First Family and CitiFinancial.

On October 1, 2002, Defendant, First Family, sold the note to S&P thereby making S&P an assignee of the note between First Family and Plaintiff Lang.

Assignees possess all of the rights, benefits, and remedies possessed by the assignor. *Green Tree Fin. Corp. v. Lewis*, 813 So. 2d 820, 824 (Ala. 2001). Therefore the Court finds that Defendant S&P, as the assignee, is entitled to insist on arbitration of the underlying dispute.

By separate order, the motions to compel arbitration will be granted.  For the sake of  administrative convenience, this action will be dismissed without prejudice to the right of either party to cause its reinstatement upon exhaustion of arbitration. The effect of such dismissal will be to stay these proceedings.

Done this 30th day of September, 2005.

_____
U.W. Clemon
Chief United States District Judge